# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:08CR00034 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **WILLIAM J. MEACHUM, JR.,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant is charged by indictment with three counts of transmitting in interstate commerce a communication containing a threat to injure the person of another, in violation of 18 U.S.C.A. 875(c) (West 2000). The government will contend at trial that the defendant made three telephone calls to the Department of Veterans Affairs in regard to certain VA benefits that had been denied him and that during these conversations he threaten to harm a VA employee.

The government has filed a Motion in Limine, seeking to limit certain evidence that may be offered by the defendant at trial. The defendant has responded and counsel has been heard on the government's motion.

The government first moves to exclude any evidence or argument concerning the VA's decision to terminate the benefits, or the fact that such benefits were later approved.[1] The defendant has disclaimed any intent to offer any such evidence or argument.

The government also wishes the court to exclude medical evidence or expert opinion concerning the defendant's post-traumatic stress syndrome ("PTSS") and other medical conditions. The defendant agrees that he is making no claim that he was insane or suffered from diminished capacity. Instead, he says that he wishes to offer evidence of his physical ill-health and resulting inability to travel. He also advises that he may offer the testimony of medical providers who advised the defendant not to travel in person to a VA facility, because of his inability to control his anger resulting from PTSS.

The defendant contends that such evidence is relevant because the recipients of his communications were aware of his inability to travel and thus were unlikely to consider his words a "true threat" because he could not carry them out.

In order to prove a violation of 18 U.S.C.A. § 875(c), the government must establish that the communication contained a "true threat." *United States v. Darby*,

---

[1] At question was so-called "fee basis care," by which a veteran who meets certain eligibility rules is allowed to obtain medical care other than at a VA facility.

37 F.3d 1059, 1066 (4th Cir. 1994). This means that "an ordinary, reasonable [person] who is familiar with the context of the [communication] would interpret it as a threat of injury." *United States v. Spring*, 305 F.3d 276, 280-81 (4th Cir. 2002) (internal quotation omitted). The government need not prove that the defendant had the intent or the ability to carry out the threats. *Darby*, 37 F.3d at 1064 n.3.

Whether the defendant was suffering from physical or mental disorders, standing alone, is not relevant to the issues in this case. Whether the evidence will show the relevancy of the limited testimony described by the defendant is yet to be shown. If the circumstances show the relevancy of such evidence, I will allow it, but I cannot make a final decision on that question at this time.

The defendant also wishes to offer evidence of his step-son's tragic death in a traffic accident in 2004, which the government seeks to exclude. The defendant argues that his mental health condition was compromised by this death and was one of the reasons that he was advised not to go to a VA facility.

As with the other medical evidence, I cannot at this time determine that evidence of the step-son's death is admissible. Certainly, there is no need to introduce a death certificate, photographs, or other direct evidence of the death. Whether any other evidence relating to the death is admissible cannot be determined at this time.

For these reasons, the government's Motion in Limine is GRANTED, subject to the conditions set forth herein.

The defendant has also filed a Motion to File Belated 12.2(b) Notice of Mental Condition. That motion is GRANTED, although whether evidence of any such condition will be admitted is also subject to the considerations set forth herein.

It is so **ORDERED**.

ENTER: January 27, 2009

/s/ JAMES P. JONES
Chief United States District Judge